IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSIPPI ~~GULFPORT~~
Southern DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 03 2020
ARTHUR JOHNSTON
BY ______ DEPUTY

TRINA FRIEDMAN, *
Plaintiff, *

v. * CIVIL ACTION NO. 1:20cv187 HSO-JCG

AUDUBON ENGINEERING COMPANY, LLC and AUDUBON ENGINEERING COMPANY, LP, d/b/a AUDUBON COMPANIES *

Defendants. * **JURY TRIAL DEMAND**

**COMPLAINT**

Comes Now, Plaintiff, Trina Friedman, and files her Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action for quid pro quo sexual harassment, gender discrimination, retaliation, failure to prevent harassment, negligent hiring, supervision, or retention of employee, and/or sexual battery pursuant to 42 USC § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991)("Title VII"), and the corresponding tort laws for the State of Mississippi.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C.§ 1332 and 28 U.S.C. § 1343.

3.

Defendants are an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

4.

This Court has personal jurisdiction over Defendants Audubon Engineering Company, LLC and Audubon Engineering Company, LP d/b/a Audubon Companies ("hereinafter referred to as Audubon"). Defendant Audubon Engineering Company is a for-profit Louisiana corporation, domiciled in Baton Rouge, LA. Defendant Audubon Engineering Company, LP is a for-profit Texas limited partnership, comprised of the aforesaid Defendant Audubon Engineering Company, LLC, and Audubon Engineering Company GP, LLC (Defendants collectively referred to as "Audubon" herein). Defendants Audubon operate and have operated their business throughout the United States.

**VENUE**

5.

Defendants operate their business throughout the United States. All actions by Defendants alleged herein occurred within the Southern District of Mississippi, at or around the city of Bay St. Louis. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

**THE PARTIES**

6.

The Plaintiff is a female residing in Bay St. Louis,

Mississippi.

7.

Defendant Audubon Engineering Company is a for-profit Louisiana corporation, domiciled in Baton Rouge, LA. Defendant Audubon Engineering Company, LP is a for-profit Texas limited partnership, comprised of the aforesaid Defendant Audubon Engineering Company, LLC, and Audubon Engineering Company GP, LLC, domiciled in Texas(Defendants collectively referred to as "Audubon" herein). Defendants Audubon operate and have operated their business throughout the United States. Defendants Audubon are subject to the jurisdiction of this Court.

8.

Defendant Audubon Engineering Company, LLC has no registered agent for service in Mississippi and may be served with summons and process at their domicile on registered agent, CT Corporation System, at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816; Defendant Audubon Engineering Company, LP may be served with summons and process by service upon their registered agents for service, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**FACTS**

9.

Defendants, Audubon, operate a pipeline engineering company that provides services throughout the United States.

10.

Defendant Audubon employs and has employed one Gregory Harkins as a senior employee of Audubon, and Gregory Harkins is still currently an employee of Audubon.

11.

Defendant Audubon performs, provides and participates in human resource, employee training, and management decision making for its employees, including Mr. Gregory Harkins.

12.

Defendant Audubon provides employee benefits, and policies and procedures for its employees, including Mr. Gregory Harkins.

13.

Defendant Audubon has financial control and interests over Mr. Gregory Harkins as their employee.

14.

Defendants have interrelated operations, centralized control of labor, common management, and maintain common ownership and/or financial control with one another.

15.

Mr. Gregory Harkins contacted Ms. Trina Friedman on December 5, 2018, and asked Ms. Friedman if she was willing to go to work on "Right of Ways" for Audubon.

16.

Mr. Harkins stated that he could get Ms. Friedman a job with Audubon Companies to work as a trainee while getting paid to learn the business "Right of Way" work on pipelines.

17.

Ms. Friedman was sent an email from Mr. Harkins with onboarding documents for her to submit. Ms. Friedman filled out and returned all applicable forms to begin work. Ms. Friedman was then entered as an employee on Audubon's web portal.

18.

Ms. Friedman was instructed that she should anticipate beginning her employment with Audubon on an upcoming new project. Ms. Friedman was told that her employment with Audubon would begin the third week in January 2019.

19.

Once Ms. Friedman had sent all of the required documents to Mr. Harkins, Ms. Friedman was assured by Mr. Harkins that she would be hired, and that after completing her training, she would be promoted to management.

20.

On December 2018 at approximately 12pm, Mr. Harkins called his superior Erik Breitinger of Audubon Companies, while Ms. Friedman was in a car with him in Bay St. Louis Mississippi. Mr. Harkins gave Ms. Friedman the phone and she spoke with Mr. Breitinger.

21.

Again, Ms. Friedman was assured by Mr. Breitinger that what Mr. Harkins was saying about Ms. Friedman going to work for Audubon Companies was 100% true. Mr. Breitinger told Ms. Friedman that she should believe everything that was being told to her by Mr. Harkins.

22.

Then, on the evening of December 31, 2018, Mr. Harkins tried to get Ms. Friedman to have sexual relations with him as payment for his securing her employment with Audubon.

23.

Ms. Trina Friedman refused to have sex with Greg Harkins for his help in securing employment with Audubon. Mr. Harkins became irate and he began yelling and screaming at her. He continued to call her names and insult her. Ms. Friedman became very upset and started crying. She called a friend to come get her and take her away from the horrible situation. All of this transpired in Bay St. Louis Mississippi.

24.

On the following day, Ms. Friedman received a text message from Mr. Harkins indicating that since she refused his sexual advances, she would not be eligible to begin her employment with Audubon. That text message was sent by Mr. Harkins and received

by Ms. Friedman in Bay St. Louis Mississippi.

25.

At the time of the incident, Ms. Friedman had confirmed that she was putting her life on hold anticipating starting the new job with Audubon. Because she refused to have sex with Ms. Harkins, she was left high and dry, jobless, ashamed, humiliated, and severely depressed.

26.

Ms. Friedman perceived the text message from Mr. Harkins as a threat, and believed that if she had responded to the text message agreeing to have sex with Mr. Harkins, her employment with Audubon would have moved forward as promised. She was being coerced through financial duress to have sexual relations with Mr. Harkins.

27.

Ms. Friedman was subjected to this condition for employment, sex with her hirer, specifically because she was a woman, and of the opposite sex from Mr. Harkins. Mr. Harkins would not make the same demands of male candidates for employment as a condition necessary for them to begin employment with Audubon.

28.

The Plaintiff has been treated differently than similarly-situated employees by Defendants in the terms and conditions of her

employment because of her gender, constituting gender discrimination.

29.

The Plaintiff has been subjected to Quid Pro Quo sexual harassment inasmuch as Mr. Harkins demanded sexual relations as payment for his providing employment to Ms. Friedman.

30.

Mr. Harkins used financial coercion and duress to compel Ms. Friedman to have sexual relations with him.

31.

When Ms. Friedman resisted Mr. Harkins sexual advances, Mr. Harkins retaliated against Ms. Friedman and withdrew her status as an employee with Audubon.

32.

Defendant Audubon knew or should have known of Mr. Harkins' attempt to secure sex for employment from Ms. Friedman and failed to prevent that conduct, failed to reprimand Mr. Harkins for that conduct, and continues to employ Mr. Harkins to this date despite that conduct.

33.

The unwanted sexual advances made by Mr. Harkins on Ms. Friedman constitute sexual battery.

34.

The unwanted sexual advances made by Mr. Harkins on Ms. Friedman

were willful and made with malice and ill will.

35.

Defendants have engaged in illegal discrimination against the Plaintiff because of her gender, quid pro quo sexual harassment, retaliation, negligent and/or knowingly hiring, supervising, and/or retaining an employee who engages in sexual battery and coercion in exchange for promises of employment with Audubon, and particularly with respect to female job candidates such as Ms. Trina Friedman.

**COUNT ONE: TITLE VII - GENDER**

36.

Plaintiff incorporates herein paragraphs 1 through 35 of her Complaint.

37.

Defendants have engaged in intentional gender discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination prior to her employment start date, specifically because she refused to engage in sexual intercourse with Mr. Harkins.

38.

Defendants' conduct as related herein violates Title VII.

39.

The Plaintiff filed a timely Charge of Discrimination alleging her illegal treatment with the Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of

Discrimination is attached hereto as Exhibit A)

40.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

41.

The Plaintiff received her "Notice of Right to Sue" letter from the EEOC for her Charge of Discrimination. (A true and accurate copy of the EEOC "Notice of Right to Sue" letter for her EEOC Charge of Discrimination is attached hereto as Exhibit B)

42.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right to Sue" letter from the EEOC.

43.

Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

45.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected

rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO: TITLE VII – QUID PRO QUO SEXUAL HARRASMENT & RETALIATION**

46.

Plaintiff incorporates herein paragraphs 1 through 35 of her Complaint.

47.

Defendants have engaged in quid pro quo sexual harassment and retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination prior to her employment start date, specifically because she refused to engage in sexual intercourse with Mr. Harkins.

48.

Defendants' conduct as related herein violates Title VII.

49.

The Plaintiff filed a timely Charge of Discrimination alleging her illegal treatment with the Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of Discrimination is attached hereto as Exhibit A)

50.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

51.

The Plaintiff received her "Notice of Right to Sue" letter from

the EEOC for her Charge of Discrimination. (A true and accurate copy of the EEOC "Notice of Right to Sue" letter for her EEOC Charge of Discrimination is attached hereto as Exhibit B)

52.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right to Sue" letter from the EEOC.

53.

Defendants' discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

54.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

55.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT THREE: MISSISSIPPI STATE LAW CLAIMS**

56.

Plaintiff incorporates herein paragraphs 1 through 35 of her Complaint.

57.

As part of a Federal Title VII lawsuit, pendant applicable state law claims arising out the same nucleus of operative fact may be brought by plaintiffs and adjudicated along with the other Title VII claims.

58.

The Plaintiff makes the instant tort claims under the laws of the State of Mississippi, and within two years of the conduct complained of herein.

59.

Defendants Audubon negligently and/or knowingly hired, supervised, failed to reprimand, and/or retained an employee who engages in sexual battery and coercion in exchange for promises to female job candidates for employment with Audubon.

60.

Defendants Audubon negligently, recklessly, and/or knowingly allowed, permitted and/or facilitated the use of sexual battery, coercion, and duress in the recruitment and retention of Audubon's female job candidates, particularly with respect to Ms. Trina Friedman.

61.

Defendant employer Audubon's conduct, actions and/or inactions as related above violate Mississippi's tort laws.

62.

Defendant employer Audubon's conduct, actions and/or inactions as related above have caused Ms. Friedman damages.

63.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

64.

Particular as to damages, the Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Mississippi's tort laws.

65.

Defendants engaged in the conduct, actions and/or inactions as described above with malice and reckless indifference to Ms. Friedman, entitling Plaintiff to punitive damages under the laws of the State of Mississippi.

**PRAYER FOR RELIEF**

66.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendants to reinstate Plaintiff's employment;
2. That the Court grant full front pay to the Plaintiff;
3. That the Court grant full back pay to the Plaintiff;
4. That the Court grant Plaintiff compensatory damages for the

humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;
6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been harassed, discriminated and retaliated against;
7. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;
8. That the Court grant Plaintiff a jury trial;
9. That the Court grant Plaintiff all other relief the Court deems just and proper; and,
10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 2 day of June 2020.

Respectfully submitted:

**TRINA FRIEDMAN,**
*PLAINTIFF PRO SE*
6046 E Clay Street
Bay St. Louis, MS 39520
(228) 671.1140
Tkf2013@outlook.com